1

2

3

4

5

6

Michael Yancey III
Nevada SBN 16158
**CONSUMER ATTORNEYS**
2300 West Sahara Avenue, Suite 800
Las Vegas, NV 89102
T: 480-573-9272
E: myancey@consumerattorneys.com
*Attorneys for Plaintiff*
*Jonathan Haman*

7

8

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

9

10

11

12

13

14

15

16

JONATHAN HAMAN,

              Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.; EQUIFAX
INFORMATION SERVICES, LLC; and
TRANS UNION LLC,

              Defendants.

**Case No.:**  2:23-cv-00479-ART-EJY

**STIPULATED DISCOVERY PLAN AND
SCHEDULING ORDER**

17

18

19

20

21

22

        Plaintiff Jonathan Haman ("Plaintiff") and Defendant Experian Information Solutions, Inc.

("Experian" or "Defendant") (Plaintiff and Defendant collectively referenced as the "Parties"),[1]

by and through their counsel of record, hereby submit their Joint Proposed Discovery Plan and

Scheduling Order pursuant to Federal Rules of Civil Procedure 16 and 26, as well as LR II 26-1.

It is hereby requested that the Court enter the following discovery plan and scheduling order.

23

24

        Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a telephonic meeting was held on **June**

**29, 2023.**

25

26

27

28

_____

[1]  Plaintiff's claims against Defendants Trans Union LLC and Equifax Information Services,
LLC have been settled. [ECF Nos. 14, 16].  As such, those Defendants did not participate in
preparing this Discovery Plan and Scheduling Order.

1

1. **Whether the Parties have exchanged initial disclosure statements under Rule 26(a)**

The Parties have agreed to exchange initial disclosures no later than **July 13, 2023**, fourteen (14) days after the Fed. R. Civ. P. 26(f) conference.

2. **Discovery Cut-Off Date**

Discovery will take 180 days, measured from the appearance of the first Defendant, which was on May 30, 2023. The discovery cut-off date, therefore, will be **November 27, 2023**.

3. **Amending the Pleadings and Adding Parties**

Pursuant to LR 26-1(b)(2), the deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery.  Therefore the deadline will be **August 29, 2023.**

4. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**

Pursuant to LR 26-1(b)(3), unless the discovery plan otherwise provides and the court so orders, the deadlines in Fed. R. Civ. P. 26(a)(2)(D) for expert disclosures are modified to require that the disclosures be made 60 days before the discovery cut-off date and that rebuttal expert disclosures be made 30 days after the initial disclosure of experts.

Therefore, the expert disclosure deadline will be **September 28, 2023.**

The rebuttal expert disclosure deadline will be **October 30, 2023.**

5. **Dispositive Motions**

Pursuant to LR 26-1(b)(4), unless the discovery plan otherwise provides and the court so orders, the deadline for filing dispositive motions is 30 days after the discovery cut-off date.

Therefore, the deadline for filing dispositive motions is **December 27, 2023**.

**6.  Pretrial Order.**

Pursuant to LR 26-1(b)(5), unless the discovery plan otherwise provides and the court so orders, the deadline for the joint pretrial order is 30 days after the dispositive-motion deadline.

If no dispositive motions are filed, the deadline for the joint pretrial order, Fed. R. Civ. P. 26(a)(3) disclosures, and any objections to them is **January 26, 2024**.

If dispositive motions are filed, the deadline for filing the joint pretrial order, Fed. R. Civ. P. 26(a)(3) disclosures, and any objections to them will be suspended until 30 days after decision on the dispositive motions or further court order.

**7.  Fed. R. Civ. P. 26(a)(3) Disclosures.**

In accordance with LR 26-1(b)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

If dispositive motions are filed, the deadline for filing the joint pretrial order, Fed. R. Civ. P. 26(a)(3) disclosures, and any objections to them will be suspended until 30 days after decision on the dispositive motions or further court order.

**8.  Alternative Dispute Resolution**

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation, but have not come to any agreement at this time. The assistance of a magistrate judge in facilitating a settlement conference after the Parties engage in initial discovery may be useful.

**9.  Alternative Forms of Case Disposition**

The parties further certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

The parties do not consent to trial by a Magistrate Judge.

The parties do not consent to the use of the Short Trial Program (General Order 2013-01).

### 10. Electronically Stored Information ("ESI") and Electronic Evidence

The parties certify that they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties will consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system.

The parties have discussed the retention and production of electronic data. The parties agree that service of discovery via electronic means, including electronic files copied to compact disc, pursuant to Fed. R. Civ. P. 5(b), is sufficient, and the parties retain the right to serve by mail and receive three additional days for mailing provided for in Fed. R. Civ. P. 6(d). The parties reserve the right to revisit this issue if a dispute or need arises. The parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations. To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday.

### 11. Protection of Privileged/Trial Preparation Material:

If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing within 30 days of the discovery that such document(s) have been disclosed, which written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies.

If the receiving party disputes that the items are privileged or trial preparation materials, it will, within 30 days of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material. If the receiving party disclosed the inadvertently produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter.

### 12. Electronic Service of Discovery

The Parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, the exchange of pleadings and other papers, including discovery requests, responses, and ESI, shall be in PDF format, and served via email or a secure file transfer protocol, rather than US Mail. All documents served electronically will be deemed as if served by mail.  For electronic service to be effective as to Experian, in addition to electronic service to all counsel of record, electronic service shall also be sent to Amy Reams at areams@nblawnv.com, unless otherwise amended in writing by Experian.

The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Adobe Acrobat (.pdf). The parties agree to serve their written discovery requests in both Microsoft Word (.docx) and Adobe Acrobat (.pdf) format.  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the

intended recipient of the message and serve the pleading or other papers by other authorized means, including mail service.

The parties anticipate that depositions, if any, will take place remotely via videoconference or as all parties, including the deponents, otherwise agree. The parties will determine the manner of depositions based on the circumstances prevailing when the parties confer to schedule depositions.

| Party | Email Service Address(es) |
|---|---|
| Plaintiff Jonathan Haman | mplati@consumerattorneys.com; lmaxwell@consumerattorneys.com; rharris@consumerattorneys.com; myancey@consumerattorneys.com; |
| Defendant Experian | jbraster@nblawnv.com bgordon@nblawnv.com areams@nblawnv.com coconnor@jonesday.com |

6

**13. Extension of Discovery Deadline**

LR 26-3 governs modifications or extensions to this discovery plan and scheduling order.

**IT IS SO ORDERED:**

_____

UNITED STATES MAGISTRATE JUDGE

DATED: July 15, 2023

Respectfully submitted this 14th day of July 2023.

By: */s/Michael Yancey*
Michael Yancey III, NV # 16158
**CONSUMER ATTORNEYS**
2300 West Sahara Avenue, Suite 800
Las Vegas, NV 89102
T: 480-573-9272
F: 718-715-1750
E: myancey@consumerattorneys.com

Michael J. Plati, AZ #016705
(pro hac vice pending)
CONSUMER ATTORNEYS
8245 N 85th Way
Scottsdale, AZ 85258
T: (602) 807-1505
F: (718) 715-1750
E: mplati@consumerattorneys.com
*Attorneys for Plaintiff*
*Jonathan Haman*

By: */s/Benjamin Gordon*
Jennifer L. Braster, Nevada Bar No. 9982
Benjamin B. Gordon, Nevada Bar No. 15552
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(T) (702) 420-7000
(F) (702) 420-7001
jbraster@nblawnv.com
bgordon@nblawnv.com

Cheryl L. O'Connor, Nevada State Bar No. 14745
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
(T) (949) 851-3939
(F) (949) 553-7539
coconnor@jonesday.com
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*